United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN RIDGLEY, (TDCJ # 02287725), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-2770 |
| TAMMY CURRIE, District Clerk, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Jonathan Ridgley, (TDCJ #02287725), is an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Representing himself and proceeding without prepaying the filing fee, Ridgley sued under 42 U.S.C. § 1983, alleging that Tammy Currie, District Clerk for San Jacinto County, violated his constitutional rights. (Docket Entry No. 1). At the court's request, Ridgley filed a more definite statement of his claim. (Docket Entry No. 8). Because Ridgley is a prisoner, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). After reviewing Ridgley's complaint, the court dismisses his action, for the reasons explained below.

**I.      Background**

In September 2019, Ridgley was sentenced to a 30-year term of incarceration after a jury found him guilty of one count of evading arrest or detention with a vehicle. (San Jacinto County, Texas, Cause Number 12,846) (Docket Entry Nos. 1, p. 4; 8, p. 1). At the conclusion of Ridgley's sentencing hearing, the court appointed appellate counsel to represent him in any appeal he wished to take from his conviction and sentence. (Docket Entry Nos. 1, p. 4; 8, p. 2). The court signed

the appointment documents, but Currie failed to notify appellate counsel of his appointment. (*Id.*). Ridgley alleges that Currie did not intentionally fail to notify appellate counsel of his appointment; she was simply negligent in failing to do so. (Docket Entry No. 8, p. 2). Currie admits that she "inadvertently" failed to mail the appointment order to the appointed counsel. (*Id.* at 4).

Upon discovering the oversight, Currie notified both the trial court and appellate counsel of the error. (*Id.*). Appellate counsel accepted the appointment and filed a motion with the Texas Court of Criminal Appeals seeking leave to file an out-of-time appeal on Ridgley's behalf. (*Id.* at 3). On December 7, 2021, the Court of Criminal Appeals denied the motion. (*Id.*).

Ridgley alleges that Currie's negligence resulted in a denial of his Fourteenth Amendment due process rights. (Docket Entry No. 1, p. 4). He asks this court to order the state court to grant his request for an out-of-time appeal and to award him money damages. (*Id.*).

## II. Discussion

"Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).

Not every violation of a duty owed by a government official rises to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335 (1986). A claim that a government official's negligence violated the plaintiff's rights does not state a constitutional claim. *Id.* at 336; *see also Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) (per curiam)

(allegations of negligence will not support a claim under § 1983); *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (allegations that a government official acted intentionally or recklessly are required to show a constitutional violation). When the plaintiff alleges only that a government official was negligent, the allegations are insufficient to establish a constitutional violation, and the claim must be dismissed. *See Bramlett v. Woodburn*, 449 F. App'x 384, 385 (5th Cir. 2011) (per curiam) (affirming the dismissal of a claim against a court clerk who negligently failed to notify the plaintiff of the judgment against him); *see also Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam) (when the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim).

Ridgley's complaint and more definite statement allege that Currie negligently failed to notify counsel appointed to represent Ridgley on appeal of the appointment. This allegation, if true, does not rise to the level of a constitutional violation. Ridgley's claim against Currie for her negligence in failing to notify appellate counsel of his appointment is dismissed for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1). This dismissal is without prejudice to any right Ridgley may have to pursue his negligence claim against Currie in the state courts under state law.

### III.    Conclusion

Ridgley's civil rights action, (Docket Entry No. 1), is dismissed without prejudice. Any pending motions are denied as moot. An order of dismissal will be separately entered. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send

a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on November 7, 2023, at Houston, Texas.

                                                    Lee H. Rosenthal
                                          United States District Judge